IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

QUENTIN D. BURLEY,

    Petitioner,

v.                                          Case No. 5:20-cv-00378

W. HOLZAPFEL, Warden, FCI Beckley,[1]

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

    Pending before the court is Quentin D. Burley's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

    **A.**    **Petitioner's conviction and prior post-conviction filings.**

    On February 25, 2016, Petitioner pled guilty, pursuant to a written plea agreement, to of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Burley*, Case No. 4:15-cr-00352 (N.D. Ohio 2016), ECF

---

[1] Due to the change in Warden at FCI Beckley, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to modify the name of the Respondent on the docket sheet.

No. 13. His plea agreement included a provision outlining the factual basis for his plea and relevant conduct, which stated in pertinent part:

> 20. Defendant agrees that the following summary fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea. Defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial:
>
> ***
>
> Prior to August 9, 2015, Defendant had been convicted of crimes punishable by imprisonment exceeding one year, including:
>
> - Possession of an Unregistered Firearm (Machine Gun), in Case Number 4:04CR112, in the Northern District of Ohio, Eastern Division, on or about December 2, 2004;
>
> - Attempt to Distribute Crack Cocaine, in Case Number 4:08CR230-02, in the Northern District of Ohio, Eastern Division, on or about September 29, 2008;
>
> - Failure to Comply with Order or Signal of a Police Officer, in Case Number 04CR202, in the Mahoning County, Ohio, Court of Common Pleas, on or about December 6, 2004;
>
> - Burglary, in Case Number 08CR529, in the Mahoning County, Ohio, Court of Common Pleas, on or about September 25, 2008.

(ECF No. 9, Ex. A at 7).

On May 19, 2016, Petitioner was sentenced by the Ohio district court to a 70-month term of imprisonment to run concurrently with his state court sentences issued in Mahoning County, Ohio Court of Common Pleas Case Nos. 2015CRA00700 and 2015CRB00701. (*Id.*, Exs. B, C, and D). Petitioner's written plea agreement also included appellate and collateral attack waiver provisions and, thus, Petitioner did not file a direct appeal. (*Id.*, Ex. A at 5).

On December 16, 2019, however, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, arguing generally he had received ineffective assistance of counsel based on his counsel's failure to advise him about and raise a challenge based on the Supreme Court's decision in *Rehaif v. United States*, 129 S. Ct. 2191 (2019), which had not yet been decided when he pled guilty. *See United States v. Burley*, Case No. 4:15-cr-00352 (N.D. Ohio 2016), ECF Nos. 23, 24. In *Rehaif*, the Supreme Court of the United States held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, *Rehaif* represents a change in interpretation of the statutory elements necessary to be convicted under §§ 922(g) and 924(a)(2).

On May 5, 2020, the district court denied Petitioner's § 2255 motion, finding that *Rehaif* did not apply retroactively to cases on collateral review and that Petitioner's counsel had not been ineffective, and further denied a certificate of appealability. *See United States v. Burley*, Case No. 4:15-cr-00352 (N.D. Ohio 2016), ECF No. 30. Petitioner did not seek permission to file a successive § 2255 motion.

On June 1, 2020, Petitioner filed the instant § 2241 petition, asserting an "actual innocence claim" based on *Rehaif*, contending that the government failed to charge or prove his knowledge of his prohibited status at the time he possessed the firearm. (ECF No. 1 at 6-7). On October 14, 2020, pursuant to the court's Order to Show Cause (ECF No. 5), Respondent responded to the petition, asserting that this court lacks jurisdiction to consider Petitioner's claim for relief under § 2241. (ECF No. 9). Petitioner did not file a reply brief. This matter is ripe for resolution.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners. As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's *Rehaif* claim challenges the validity of his § 922(g)(1) conviction, not the execution of his sentence. Thus, it would be appropriately brought in a § 2255 motion. However, Petitioner previously filed an unsuccessful § 2255 motion. Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claim is based upon "newly discovered evidence," or "a new rule of constitutional law." *See* 28 §§ 2255(h)(1) and (2). However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

> him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This section is known as the "savings clause" and permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts. However, on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, No. 21-857, 599 U.S. ___, ___ S. Ct. ___, 2023 WL 4110233, at *3 (2023), which held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at *5. The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 2023 WL 4110233, at *9.

As noted above, the decision in *Rehaif* is a change in statutory interpretation. Thus, it will not permit Petitioner to meet the savings clause criteria and this court lacks jurisdiction to consider his claim under § 2241.  *Id.* at *4-5; *Covington v. Andrews*, No. 22-7118, 2023 WL 4701179 (4th Cir. July 24, 2023) (affirming dismissal of § 2241 petition mounting successive collateral attack grounded in change of statutory interpretation for lack of jurisdiction); *Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658 (4th Cir. July 6, 2023) (same).  The Fourth Circuit has instructed that such petitions should be dismissed without prejudice.  *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.")

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. § 2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the petition without prejudice.  Consequently, the undersigned will not undertake further analysis of the merits of Petitioner's petition or Respondent's response.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

July 28, 2023

Dwane L. Tinsley
United States Magistrate Judge

7